UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LARRY RICHARDS, | Case No. 3:22-cv-00154-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| FIRST RESPONSE TOWING, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Larry Richards filed an application to proceed *in forma pauperis* ("IFP Application") and a complaint on April 4, 2022, alleging claims for conversion and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.*, arising out of an incident in which his car was towed. (ECF No. 1, 1-1.) Richards also filed a motion to be mailed court orders to two addresses (ECF No. 2), a motion for enlargement of time to complete the complaint (ECF No. 3), a motion to file by facsimile transfer and to appear by telephone (ECF No. 4), a motion for preliminary injunction (ECF No. 5), and an emergency ex parte motion for a temporary restraining order ("TRO") (ECF No. 6). Richards' motion for a TRO and motion for preliminary injunction are identical, and request that the Court enjoin Defendants from disposing of his car and his personal property that remains inside the car. (ECF Nos. 5, 6.) For the reasons explained below, the Court denies Richards' emergency ex parte motion for a temporary restraining order and defers consideration of the remaining motions.

The District of Nevada has authorized the commencement of civil suits to proceed without the prepayment of filing fees for those who demonstrate they are unable to pay. *See* LSR 1-1. The Court will determine whether Richards may proceed without paying the filing fee. If the Court grants the IFP Application, the Court must review the complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim

as required under 28 U.S.C. § 1915(e). If the Court denies the IFP Application, Richards will be required to pay the filing fee before the case may proceed. The Court defers consideration of the IFP Application because Richards has filed an emergency motion for an ex parte restraining order.

Per the Court's Local Rules, any request for emergency relief must clearly set forth (1) the nature of the emergency, (2) the addresses and telephone numbers of the movant and all affected parties, and (3) a statement by the movant that confirms there was a meet-and-confer process between the party to resolve the dispute. LR 7-4(a). Richards' Motion fails to explain the nature of the emergency—while he claims that there is property in his car that he wishes to retrieve, he does not explain why retrieving the property is an emergency that requires expedited action from the Court. Richards argues that Defendants may destroy his property before there is time to schedule a hearing. (ECF No. 6.) Richards does not explain whether his property is actually at risk of being destroyed. (*Id.*) The Court finds that he has not explained the nature of the emergency.

For similar reasons, the Court will deny the motion for an ex parte TRO. Rule 65 of the Federal Rules of Civil Procedure states:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in the affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant[] certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Consistent with this rule, "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). As explained above, Richards has failed to demonstrate "immediate and irreparable injury" will occur "before the adverse party can be heard." Fed. R. Civ. P. 65(b). Richards does not explain why time is of the essence and does not argue that his property is likely to be destroyed before Defendants have the opportunity to be served, respond, and be heard at any hearing.

///

It is therefore ordered that consideration of Richards' IFP Application (ECF No. 1) is deferred. The Court will consider the IFP Application in due course.

It is further ordered that Richards' emergency ex parte motion for a temporary restraining order (ECF No. 6) is denied.

It is further ordered that decisions on the remaining motions (ECF Nos. 2, 3, 4, 5) are deferred pending screening of the complaint.

DATED THIS 5th Day of April 2022.

                        MIRANDA M. DU
                        CHIEF UNITED STATES DISTRICT JUDGE