1
2
3                    UNITED STATES DISTRICT COURT
4                         DISTRICT OF NEVADA
5                                * * *
6    LARRY RICHARDS,                        Case No. 3:22-cv-00154-MMD-CLB
7                          Plaintiff,                    ORDER
8        v.
     FIRST RESPONSE TOWING, *et al.*,
9
                            Defendants.
10

11          *Pro se* Plaintiff Larry Richards filed an application to proceed *in forma pauperis*

12   ("IFP Application") and a complaint on April 4, 2022, alleging claims for conversion and

13   violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961,

14   *et seq.*, arising out of an incident in which his car was towed.[1] (ECF No. 1, 1-1.) Richards

15   has previously filed an emergency motion for an ex parte temporary restraining order,

16   which the Court denied. (ECF No. 7.) Now before the Court is Richards' second

17   emergency motion for an ex parte temporary restraining order. (ECF No. 10 ("Motion").)

18   For the reasons explained below, the Court will deny Richards' Motion.

19          The District of Nevada has authorized the commencement of civil suits to proceed

20   without the prepayment of filing fees for those who demonstrate they are unable to pay.

21   *See* LSR 1-1. The Court will determine whether Richards may proceed without paying the

22   filing fee. If the Court grants the IFP Application, the Court must review the complaint to

23   determine whether the complaint is frivolous, malicious, or fails to state a plausible claim

24   as required under 28 U.S.C. § 1915(e). If the Court denies the IFP Application, Richards

25

26          [1]Richards also filed a motion to be mailed court orders to two addresses (ECF No.
     2), a motion for enlargement of time to complete the complaint (ECF No. 3), a motion to
27   file by facsimile transfer and to appear by telephone (ECF No. 4), a motion for preliminary
     injunction (ECF No. 5), and an emergency ex parte motion for a temporary restraining
28   order ("TRO") (ECF No. 6). The Court previously denied Richards' first emergency ex
     parte motion for a temporary restraining order and deferred ruling on Richards' remaining
     motions until his complaint was screened. (ECF No. 7.)

will be required to pay the filing fee before the case may proceed. The Court defers consideration of the IFP Application because Richards has filed an emergency motion for an ex parte restraining order.

Per the Court's Local Rules, any request for emergency relief must clearly set forth (1) the nature of the emergency, (2) the addresses and telephone numbers of the movant and all affected parties, and (3) a statement by the movant that confirms there was a meet-and-confer process between the party to resolve the dispute. LR 7-4(a). Despite that Richards was advised of these requirements the first time that the Court denied his motion for emergency ex parte relief, Richards' Motion fails to provide the contact information of the adverse parties or a statement by him confirming that he attempted to resolve this dispute with any of the defendants.

But even if Richards had complied with the Local Rules, the Court would still deny his Motion. Rule 65 of the Federal Rules of Civil Procedure states:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in the affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant[] certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Consistent with this rule, "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). For example, ex parte relief may be appropriate "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." *Id.* (citation omitted). Here, Richards has failed to demonstrate "irreparable injury" is likely to occur "before the adverse party can be heard." Fed. R. Civ. P. 65(b). Although Richards does explain in his Motion that he is likely to suffer an immediate harm—an auction of his property is scheduled to take place on June 4, 2022—this damage is not considered "irreparable" for the purposes of injunctive relief. "[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be

1   remedied by a damage award." *Rent-A-Center, Inc. v. Canyon Television and Appliance*

2   *Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). Nowhere in his Motion or other documents

3   does Richards describe a potential harm that would not be remediable with monetary

4   damages.

5          Finally, the Court finds at this early stage that Richards is unlikely to succeed on

6   the merits of his claim. Civil RICO complaints must allege "(1) conduct (2) of an enterprise

7   (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing

8   injury to plaintiff's 'business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours*

9   *and Co.*, 431 F.3d 353, 361 (9th Cir. 2005). "Racketeering" is a particular set of activities

10  enumerated under 18 U.S.C. § 1961(1) and includes a variety of crimes, but does not

11  cover simple theft of personal property. *See, e.g.*, *Lynch v. Amoruso*, 232 F.Supp.3d 460,

12  467 (S.D.N.Y. 2017) (explaining that "ordinary theft offenses and conspiracies to commit

13  them" are not racketeering acts). Because Richards has not complied with the Local

14  Rules governing emergency motions, has not shown ex parte relief is warranted, and has

15  not demonstrated a likelihood of success on the merits of his claims, the Court will deny

16  his Motion.

17         It is therefore ordered that consideration of Richards' IFP Application (ECF No. 1)

18  is deferred. The Court will consider the IFP Application in due course.

19         It is further ordered that Richards' emergency ex parte motion for a temporary

20  restraining order (ECF No. 10) is denied.

21         It is further ordered that decisions on the remaining motions (ECF Nos. 2, 3, 4, 5)

22  are deferred pending screening of the complaint.

23         DATED THIS 2nd Day of June 2022.

24

25                                              _____

26                                              MIRANDA M. DU
                                                CHIEF UNITED STATES DISTRICT JUDGE

27

28