UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LARRY RICHARDS, | Case No.: 3:22-cv-00154-MMD-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 1, 1-1, 2, 3, 4, 5 |
| FIRST RESPONSE TOWING, et al., | |
| Defendants | |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1). He has also filed the following motions: (1) an ex parte motion to be mailed court orders at two separate addresses (ECF No. 2); (2) an ex parte motion for enlargement of time to complete the complaint (ECF No. 3); (3) an ex parte motion to file by facsimile transfer and to appear by telephone conference (ECF No. 4); (4) an ex parte motion for preliminary injunction and temporary restraining order (ECF No. 5.)

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed

[IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application will be granted.

## II. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff brings this action pursuant to the Racketeer Influenced and Corrupt Practices Act (RICO), 18 U.S.C. § 1961, *et al.* Plaintiff sues the following defendants: Unknown owner of the Tow Truck Company, a division of First Response Towing (located in Reno and Las Vegas, Nevada); unknown employees of the Tow Truck Company; The Town Truck Company (both its Reno and Las Vegas divisions); First Response Towing; 36 Doe defendants; two unidentified Reno Police Department Officers; and the City of Reno Police Department.

Plaintiff alleges all Defendants are actively stealing Plaintiff's car, his private possessions, his medical equipment, and they denied him access to his car. He claims they are driving up their costs so they can obtain his car for free. Plaintiff claims he was attempting to buy his car back out of storage, and he was arrested. He further alleges conversion of his property.

"Although the RICO statute was originally enacted to combat organized crime, 'it has become a tool for everyday fraud cases brought against respected and legitimate enterprises.'" *Painters and Allied Trades District Council 82 Health Care Fund v. Takeda Pharmaceuticals*, 943 F.3d 1243, 1248 (9th Cir. 2019) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 499 (1985)). "Broadly speaking, there are two parts to a civil RICO claim. The civil RICO violation is defined under 18 U.S.C. § 1962, while "RICO standing" is defined under 18 U.S.C. §1964(c)."

The elements of a civil Racketeer Influenced and Corrupt Organizations Act (RICO) claim are: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to the plaintiff's "business or property." 18 U.S.C. § 1964(c), 1962(c); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

"Racketeering activity" is any act indictable under several provisions of Title 18 and Title 29 of the United States Code and the Currency and Foreign Transactions Reporting Act and Immigration and Nationality Act. S*ee* 18 U.S.C. § 1961.

Plaintiff does not allege conduct that constitutes "racketeering activity" under RICO. Nor does he allege a "pattern" of "racketeering activity."

While it is possible Plaintiff could allege a State law tort claim of conversion, he does not currently include specific *factual* allegations with respect to *each* defendant. Moreover, there must be a basis for the court to exercise jurisdiction over a State law claim. Without a cognizable

4

RICO claim, there is no federal question jurisdiction. There is no diversity jurisdiction because Plaintiff alleges that he and the Defendants all reside in Nevada.

As a result, Plaintiff's complaint will be dismissed, but he will be given leave to amend to attempt to assert cognizable claims against each defendant.

### III. OTHER MOTIONS

**A. Ex Parte Motions**

Preliminarily, Plaintiff titles all of his filings as "ex parte" motions. An ex parte motion is a motion that is filed with the court, but is not served on the opposing or other parties. An ex parte motion must articulate the rule that permits ex parte filing and explain why it is filed on an ex parte basis. LR IA 7-2(a), (b). No other parties have been served in this case yet and Plaintiff does not otherwise articulate a basis for filing his motions ex parte. In the future Plaintiff shall comply with Local Rule IA 7-2 if he seeks to file a motion ex parte.

**B. Motion to be Mailed Court Orders to Two Separate Addresses (ECF No. 2)**

In this motion, Plaintiff states that he is homeless and requests that the court send all orders to his address in Carson City that is on file, and that a "backup" copy be sent to an attorney in San Francisco. The attorney in San Francisco has not entered an appearance on Plaintiff's behalf. Therefore, Plaintiff's motion to have the court send all orders to the attorney in San Francisco is denied.

**C. Motion for Enlargement of Time to Complete the Complaint (ECF No. 3)**

The court is dismissing Plaintiff's complaint with leave to file an amended complaint; therefore, this motion is denied as moot.

**D. Motion to File by Facsimile and Appear by Telephone Conference (ECF No. 4)**

Plaintiff states that he is medically fragile, and seeks an order allowing him to file by facsimile. He also promises to appear in person, if possible, but his medical condition could prohibit this, and so he seeks an order to appear by telephone.

Filing by facsimile is not an option within the District of Nevada. Therefore, Plaintiff's motion is denied. Under Second Amended Temporary General Order 2020-04, documents that cannot be filed electronically via the court's electronic filing system, CM/ECF, may also be submitted by e-mail or by regular mail. If filing by email, documents should be sent to docketing@nvd.uscourts.gov. Additional information about filing and receiving notices/delivery of documents by email can be found on the court's website at https://www.nvd.uscourts.gov/self-help/.

Plaintiff's motion for a blanket order that he be allowed to appear telephonically is denied. The court typically allows appearances by telephone or Zoom videoconference; however, there may be occasions where a personal appearance is required. These decisions are better determined on a case-by-case basis and not through a blanket order.

**E. Motion for Preliminary Injunction and Emergency Motion for Temporary Restraining Order (ECF No. 5)**

Plaintiff's motion is denied as moot because Plaintiff's complaint is being dismissed with leave to amend and there is currently no operative complaint. Moreover, a motion for preliminary injunction/temporary restraining order must demonstrate that the plaintiff: (1) is likely to succeed on the merits of his claims; (2) is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is

in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). Plaintiff's motion does not address these factors.

### IV. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action without prepaying the filing fee.

(2) The Clerk shall **FILE** the complaint (ECF No. 1-1); however, the complaint is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

(3) Plaintiff's motions (ECF Nos. 2, 3, 4, 5) are **DENIED** for the reasons set forth herein.

**IT IS SO ORDERED**.

Dated: June 8, 2022

_____
Craig S. Denney
United States Magistrate Judge