UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| LARRY RICHARDS, | Case No. 3:22-cv-00154-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| FIRST RESPONSE TOWING, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Larry Richards brings this action under the Racketeer Influences and Corrupt Practices Act (RICO), 18 U.S.C. § 1961, *et seq.*, against an unknown owner of a towing company, the towing company First Response Towing (both Reno and Las Vegas divisions), and the City of Reno Police Department. (ECF No. 16.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig S. Denney (ECF No. 17), recommending the Court dismiss Richards' federal claims with prejudice and any state law claims without prejudice so that Richards may raise them in state court if he chooses. Richards had until August 2, 2022, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will dismiss Richards' Complaint.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory

1  Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Denney did not clearly err. On June 8, 2022, the Court dismissed Richards' Complaint, with leave to amend, after screening the Complaint under 28 U.S.C. § 1915(e)(2). (ECF No. 15.) The Court reasoned that Richards could not proceed with his RICO claims, and that the Court accordingly would lack jurisdiction over any state law claims Richards was attempting to assert. (*Id.*) Richards had 30 days within which to file an amended complaint, or face dismissal. (*Id.*) Because Richards did not file an amended complaint or file any other communication with the Court, Judge Denney recommends the Court dismiss this action. (ECF No. 17.) Judge Denney further recommends that any state law claims Richards is attempting to assert be dismissed without prejudice so that Richards may pursue them in state court should he so choose. (*Id.*) The Court agrees with Judge Denney. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 17) is accepted and adopted in full.

It is further ordered that Richards' federal law claims are dismissed with prejudice.

It is further ordered that Richards' state law claims are dismissed without prejudice, but without leave to amend, so that Richards may pursue them in state court if he chooses to do so.

The Clerk of Court is directed to enter judgment accordingly and close this case. If Richards wishes to pursue any claims under Nevada state law, he must file a new action. No further documents may be filed in this now closed case.

DATED THIS 8th Day of August 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE